

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2004

# Pociute v. West Chester Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Pociute v. West Chester Univ" (2004). *2004 Decisions.* Paper 50.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/50

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-4748
_____

JURGITA POCIUTE,

<u>Appellant</u>

v.

WEST CHESTER UNIVERSITY; MADELINE WING ADLER;
JAMAL GHOROGHCHIAN, PROF.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-09113)
District Judge: Honorable Clarence C. Newcomer

_____

Argued December 13, 2004

BEFORE: AMBRO, VAN ANTWERPEN and STAPLETON, <u>Circuit Judges</u>.

(Filed December 21, 2004)

Nancy C. DeMis, Esq. (Argued)
Gallagher, Schoenfeld, Surkin & Chupein, P.C.
25 West Second Street
Media, PA 19063-0900

Counsel for Appellant


Gerald Pappert, Attorney General, Commonwealth of Pennsylvania

Randall J. Henzes, Deputy Attorney General (Argued)
Calvin R. Koons, Senior Deputy Attorney General
John G. Knorr, III; Chief Deputy Attorney General; Chief, Appellate Litigation Section
Office of Attorney General
21 South Twelfth Street
Third Floor
Philadelphia, PA 19107-3603

Counsel for Appellee

_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge,

## I. FACTS

Because we write only for the parties, we limit our discussion to those facts pertinent to our decision. Appellant Jurgita Pociute filed suit against West Chester University ("West Chester"), its president Madeline Adler, and Professor Jamal Ghoroghchian in December 2002. (Appellant Brief at 3.) The suit alleged, *inter alia,* that Ghoroghchian sexually harassed Pociute while she was a student at West Chester. Id. At the close of discovery, the District Court dismissed the claims against Adler, but held that Pociute could proceed on her claims against West Chester for violation of Title IX of the Civil Rights Act of 1964, as amended, 20 U.S.C. § 1681, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. Id. at 2-4. A jury trial was held November 17-20, 2003. Id. at 2.

During the trial, Pociute introduced testimony that a third party, Professor Melissa

2

Cichowicz, reported concerns regarding Ghoroghchian's conduct with female students to

Luz Hernandez, West Chester's Director of the Office of Social Equity, prior to the

events which gave rise to this litigation. Id. at 4-5. A portion of the testimony went as

follows:

MS. DEMIS: Had you also spoken with Miss Luz Hernandez regarding these same concerns?

MS. CICHOWICZ: That is my recollection, yes.

MS. DEMIS: And when, relative to speaking to the dean, had you done that?

MS. CICHOWICZ: I believe that it was while I was working in the dean's office, sometime between 1999 and 2001.

. . . .

MS. DEMIS: What response, if any, did you get from the – strike that. Were you given any guidance from the office of social equity as to what you should or could do in these circumstances?

MR HENZES: Objection, Your Honor. The answer calls for hearsay.

MS. DEMIS: Your Honor, I think admission of a party opponent. That is a representative of the office.

THE COURT: Overruled.

MS: DEMIS: Were you given any information as to what you could do as a – in response to these concerns?

MS. CICHOWICZ: My recollection is –

THE COURT: No, the answer is yes or no.

. . . .

MS. CICHOWICZ: Yes.

MS. DEMIS: What was that? What were those instructions?

THE COURT: No, I will sustain the objection as to that question. That would be hearsay.

MS. DEMIS: Your Honor, I believe it would be admission of a party opponent, the Office of Social Equity.

THE COURT: Counsel, once I rule, the game is over.

MS. DEMIS: Thank you, Your Honor.

. . . .

MS. DEMIS: Did Ms. Hernandez do anything in terms of contacting you or anything else to your knowledge to follow up on your reports of complaints about Dr. Ghoroghchian – strike that. Did Ms. Hernandez do anything to follow up with you on your reports

3

about your concerns regarding Dr. Ghoroghchian?

MS. CICHOWICZ: Not that I recall, no.

(Appellant App. at A-39 to A-43.) Hernandez was also called as a witness, but was unable to recall having such a conversation with Cichowicz.

Following the trial, the jury returned verdicts against Ghoroghchian and in favor of West Chester, finding that Pociute had not proved that "an appropriate person with authority to institute corrective measures at West Chester University had notice of defendant Ghoroghchian's sexually harassing conduct of students before January 26, 2001 and failed to adequately respond." Id. at A-78. Pociute now appeals the District Court's entry of judgment in favor of West Chester upon the grounds that Cichowicz should have been permitted to answer when asked about what instructions Hernandez gave her.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a). This Court has jurisdiction over the District Court's order pursuant to 28 U.S.C. § 1291. We generally review the trial court's admission of evidence for abuse of discretion, however, when admissibility involves a legally set standard our review is plenary. Savarese v. Agriss, 883 F.2d 1194, 1200 (3d Cir. 1989).

## III. ANALYSIS

Pociute argues that the District Court acted improperly by not allowing Cichowicz to answer the question regarding the instructions she received from Luz Hernandez, West

4

Chester's Director of the Office of Social Equity. According to Pociute, the District Court erred in ruling that the answer to the question was inadmissible hearsay because the conversation amounted to an admission by a party-opponent and fell within the hearsay exception of Federal Rules of Evidence Rule 801(d)(2)(D)[1].

Pociute cites this Court's decision in Abrams v. Lightolier Inc., 50 F.3d 1204, 1216 (3d Cir. 1995), to support her position that an employee may testify as to statements made by a supervisor regarding company policy. In Abrams, we explained that "[w]here a supervisor is authorized to speak with subordinates about the employer's employment practices, a subordinate's account of an explanation of the supervisor's understanding regarding the criteria utilized by management in making decisions on hiring, firing, compensation, and the like is admissible against the employer." Id.

Appellee does not dispute Pociute's legal conclusions on this matter. In light of our decision in Abrams, and the plain meaning of Federal Rule of Evidence 801(d)(2)(D), we conclude that the District Court erred in refusing to allow Cichowicz to answer the question.

Anticipating this decision, West Chester confines its argument to the premise that the District Court's error was harmless. West Chester argues that the excluded answer to the question would have added nothing because Cichowicz established the elements for

_____

[1] Federal Rule of Evidence 801(d)(2)(D) explains that a statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

liability when she testified without objection that she gave notice to Hernandez and that Hernandez did nothing to follow-up. (Appellee Brief at 10.) According to Pociute however, the Court's exclusion of the answer to the question left the jury with "uncontradicted testimony that Cichowicz's bringing the matter to Hernandez would have resulted in action." (Appellant Brief at 13.) According to Pociute's offer of proof, "Dr. Cichowicz would have stated that she was advised by Ms. Hernandez that no university action could be taken unless students were 'willing to attach their names to a complaint.' . . . Dr. Cichowicz would have testified further that she was told at the time of these conversations, in 1998-99, that this was official university policy." (Appellant App. at A-66.)

In a sexual harassment suit brought under the implied right of action under Title IX, "damages may not be recovered . . . unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 277 (1998). In this case, the jury found that Pociute had not proven "by a preponderance of the evidence that an appropriate person with authority to institute corrective measures at West Chester University had notice of defendant Ghoroghchian's sexual harassing conduct of students before January 26, 2001 and failed to adequately respond." (Appellant App. at A-78.)

Assuming that Hernandez was a person with authority to institute corrective measures, only two plausible explanations can be derived from the jury finding: (1)

6

Pociute failed to establish that West Chester had notice of Ghoroghchian's conduct before January 26, 2001, or (2) Pociute failed to establish that West Chester failed to adequately respond. It appears from the record that West Chester claimed it never received notice of Ghoroghchian's conduct prior to January 26, 2001, and accordingly West Chester made no claim that it responded adequately. The issue then, is whether it is highly probable that, had Cichowicz been permitted to answer the question, the jury still would have found that West Chester was not on notice of Ghoroghchian's conduct before January 26, 2001.

"[A] court can find that [non-constitutional] errors are harmless only if it is highly probable that the errors did not affect the outcome of the case." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 917 (3d Cir. 1985). This standard has been described as "moderately stringent, though not unreasonably high," id, at 927, and we need only "be well-satisfied that the error did not prejudice a party, but we need not disprove every reasonable possibility of prejudice," General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 329 (3d Cir. 2001).

Pociute's only claim regarding the importance of Cichowicz's answer is that "[h]er testimony . . . could explain why there was no evidence of any investigation where Hernandez was unable to recall whether she had heard of concerns from Cichowicz. Without that testimony, the jury was left with uncontradicted testimony that Cichowicz's bringing the matter to Hernandez would have resulted in action." (Appellant App. at 13.)

Pociute's claim is unpersuasive. To begin with, West Chester is correct when it

7

claims that Cichowicz's testimony, as presented, was sufficient to establish the elements for liability under Gebser, 524 U.S. at 277. Cichowicz testified that sometime between 1999 and 2001 she gave notice to Hernandez and nothing was done. Cichowicz's answer would not have addressed whether notice was given. Therefore, the value of the excluded answer rests solely on the claim by Pociute that it would have bolstered Cichowicz's credibility by explaining why there was no evidence of any investigation in view of the "uncontradicted testimony" of Hernandez that a complaint would have resulted in action.

However, we have reviewed the record and there exists no such "uncontradicted testimony" by Hernandez that a complaint would have resulted in action. Hernandez testified that had someone come to her with third-party complaints of sexual harassment, she would have advised that person to try to bring the students to her office so that she could go over the procedures with the students. (Appellant App. at A-59.) She also testified that she could investigate complaints about sexual harassment without a written complaint. Id. However, at no point did Hernandez give any indication as to what she would or would not have done had she been presented with the complaints that Cichowicz testified she had made.[2]

Pociute has offered no other suggestion as to how the excluded answer would have affected the outcome of this case. Since it would not have helped to establish notice or

---

[2] In fact, Pociute's counsel specifically tried to ask Hernandez, "Would you have advised Miss Cichowicz that she needed to have the individual bring a signed complaint before you were able to do anything about it?" (Appellant App. at A-60.) However, defense counsel objected and the Court sustained the objection, and thus there never was such testimony. Id.

bolstered Cichowicz's credibility, it did not prejudice Pociute and it is highly probable that the jury would have reached the same conclusion.

For the above reasons, we affirm the judgment and order of the District Court.